## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### Tallahassee Division

| | |
|---|---|
| THERABODY, INC., a Delaware corporation, | Case No.: _____ |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| v. | |
| REATHLETE LLC, a Florida limited liability company; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT AND VIOLATION OF THE FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

Plaintiff, Therabody, Inc. ("Therabody") files this complaint against Defendants ReAthlete LLC ("ReAthlete") and Does 1-10, inclusive (collectively "Defendants").

## NATURE OF THE ACTION

1.     This is an action for patent infringement of United States Patent Numbers 10,702,448; 10,918,565; 10,857,064; and 11,160,722 under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*, and for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Sta., § 501.201 *et seq*.

## THE PARTIES

2.     Therabody is, and at all times relevant hereto was, a corporation duly

organized and existing under the laws of the state of Delaware, with its principal place of business at 6100 Wilshire Blvd., Ste. 200, Los Angeles, CA 90048.

3.     Therabody is informed and believes and, based thereon, alleges that Defendant ReAthlete is a Florida limited liability company, with offices at 155 Office Plaza Drive, Tallahassee, Florida 32301.

4.     Therabody is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names and capacities. Therabody will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations.

5.     Therabody is informed and believes and thereon alleges that Defendants are manufacturing, using, selling, or offering for sale within the United States, or importing into the United States the infringing massage gun products described below.

6.     Therabody is informed and believes and thereon alleges that each of the Defendants conspired and acted in concert with one or more other Defendants to commit the wrongs against Therabody alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Therabody is further informed and believes and on that basis alleges that, in doing the things alleged in this Complaint, each of the Defendants was acting within the scope of authority conferred upon that Defendant

2

by the consent, approval, and/or ratification of one or more of the other Defendants.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the patent claims in this action pursuant to 28 U.S.C. § 1338.  This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §§ 1338 and 1367, because the claim is so related to Therabody's claim under federal law that it derives from a common nucleus of operative facts and forms part of the same case or controversy.

8.      This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) and § 1400(b). Therabody is informed and believes and, based thereon, alleges that, all Defendants have offices in this judicial district and distribute, promote, market, use, sell, offer for sale, import, and/or advertise their infringing products in or to this District and/or to businesses and individuals in this District. Therabody is further informed and believes and, based thereon, alleges that Defendants derive substantial revenue from the distribution, promotion, marketing, manufacture, use, sale, offer for sale, or import of infringing products in or to this District.

## GENERAL ALLEGATIONS

9.      Therabody is in the business of developing, manufacturing, and selling high-quality, innovative percussive therapy devices and attachments therefor. Therabody invests considerable time, effort and money in developing and protecting its intellectual property, including patenting its innovative products.

3

10.     Therabody is the owner of United States Patent Number 10,702,448, entitled "Percussive massage device and method of use" (hereinafter the "'448 Patent"), issued on July 7, 2020, a true and correct copy of which is attached hereto as *Exhibit A*. The '448 Patent pertains to a vibrating massage device or percussive massage device that provides reciprocating motion. The '448 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '448 Patent are novel and non-obvious.

11.     Therabody is the owner of United States Patent Number 10,918,565, entitled "Percussive massage device and method of use" (hereinafter the "'565 Patent"), issued on February 16, 2021, a true and correct copy of which is attached hereto as *Exhibit B*. The '565 Patent pertains to a vibrating massage device or percussive massage device that provides reciprocating motion. The '565 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '565 Patent are novel and non-obvious.

12.     Therabody is the owner of United States Patent Number 10,857,064, entitled "Percussive Therapy Device" (hereinafter the "'064 Patent"), issued on December 8, 2020, a true and correct copy of which is attached hereto as *Exhibit C*. The '064 Patent pertains to a percussive massage device and method of using a percussive massage device. The '064 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '064 Patent are novel and non-obvious.

13.     Therabody is the owner of United States Patent Number 11,160,722,

4

entitled "Percussive Massage Device and Method of Use" (hereinafter the "'722 Patent"), issued on November 2, 2021, a true and correct copy of which is attached hereto as *Exhibit D*. The '722 Patent pertains to a percussive massage device and method of using a percussive massage device. The '722 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '722 Patent are novel and non-obvious. Collectively, the '448, '565, '064 and '722 are "Asserted Patents."

14.    Therabody's patented and patent-pending devices are innovative and have received industry praise and recognition, including the 2019 A' Design Award in Digital and Electronic Devices Design for its Therabody G3PRO design.

15.    Therabody is informed and believes and based thereon alleges that Defendants began competing with Therabody in the percussive massage device industry by manufacturing and selling percussive massage devices infringing the Asserted Patents.  Specifically, Defendants are marketing, promoting, advertising, using, selling, offering to sell, and/or importing the infringing device, the "DEEP 4S," shown below (the "Infringing Product").



16.    The Infringing Product is integral to Defendants' product offering as shown from the Defendants' website at https://www.reathlete.pro/. From this, it is apparent that Defendants have been actively advertising the Infringing Product, touting the products throughout a variety of markets and to numerous audiences, including on Amazon.[1]  Therabody is informed and believes that Defendants sell their Infringing Product in the same marketing channels as Therabody, including online through their respective websites and through social media advertising.

17.    On August 18, 2021, Therabody notified Defendant ReAthlete by letter that the Infringing Product was infringing Therabody's '448, '565 and '064 patents and demanded that Defendant immediately cease and permanently discontinue all manufacture, offer for sale, sale, use and importation of the Infringing Product.

18.    Notwithstanding Therabody's demand and in conscious disregard of Therabody's intellectual property rights as set forth herein, Defendants have continued to offer for sale and sell the Infringing Product.

**FIRST CAUSE OF ACTION**

**Patent Infringement of the '448 Patent, 35 U.S.C. §§ 101 *et seq*.**
(Against All Defendants)

19.    Therabody realleges and incorporates by reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.

---

[1]    *See* https://www.amazon.com/REATHLETE-Pro-Grade-Handheld-CarryingSettings/dp/B07VGKQT55/ref=sr_1_2?keywords=deep+4s&qid=1638412432&sr=8-2

#46112995 v1

20.     At all times herein mentioned the '448 Patent was and is valid and fully enforceable.

21.     Defendants are offering percussive massage devices that infringe at least claim 6 of the '448 Patent, including at least the Infringing Product.

22.     Defendants' Infringing Product is a percussive massage device.

23.     As shown below, Defendants' Infringing Product includes a housing, wherein the housing includes first, second and third handle portions that cooperate to define a handle opening.



24.     As shown below, Defendants' Infringing Product includes a first handle portion that defines a first axis, a second handle portion defines a second axis and a third handle portion defines a third axis, and wherein the first, second and third axes cooperate to form a triangle.



25.     As shown above, the Infringing Product includes that the first handle portion is generally straight, the second handle portion is generally straight, and that the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.

26.     The Infringing Product includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

27.     On information and belief, at least since Plaintiff's August 18, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the '448 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '448 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '448 Patent.

28.     On information and belief, at least since Plaintiff's August 18, 2021 letter, Defendants have contributed to the infringement of the '448 Patent by their customers and users of the Infringing Product by, *inter alia,* making, offering to sell, selling and/or importing into the United States, a component of a patented machine,

8

manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '448 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '448 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '448 Patent. Defendants continue to engage in acts of contributory infringement of the '448 Patent even after receiving notice of its contributory infringement.

29.    Defendants infringe literally or under the doctrine of equivalents, or both.

30.    At no time has Therabody granted Defendants authorization, license, or permission to utilize the inventions claimed in the '448 Patent.

31.    Therabody has been damaged by Defendants' acts of infringement of the '448 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

32.    Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with

#46112995 v1

retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

33.     Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## SECOND CAUSE OF ACTION
### Patent Infringement of the '565 Patent, 35 U.S.C. §§ 101 *et seq.*
(Against All Defendants)

34.     Therabody realleges and incorporates by reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.

10

35.    At all times herein mentioned the '565 Patent was and is valid and fully enforceable.

36.    Defendants are offering percussive massage devices that infringe at least claim 1 of the '565 Patent, including at least the Infringing Product.

37.    The Infringing Product is a percussive massage device.

38.    As shown below, the Infringing Product includes a housing wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening, wherein the first handle portion defines a first axis, the second handle portion defines a second axis and the third handle portion defines a third axis, wherein the first, second and third axes are co-planar, and wherein the first handle portion is generally straight, wherein the second handle portion is generally straight, and wherein the third handle portion is generally straight, and wherein the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.



39.    The Infringing Product includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

40.    Defendants infringe literally or under the doctrine of equivalents, or both.

41.    On information and belief, at least since Plaintiff's August 18, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the '565 Patent claims by, inter alia, marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '565 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '565 Patent.

42.    On information and belief, at least since Plaintiff's August 18, 2021 letter, Defendants have contributed to the infringement of the '565 Patent by their customers and users of the Infringing Product by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '565 Patent. The Infringing Product is

#46112995 v1

not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '565 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '565 Patent. Defendants continue to engage in acts of contributory infringement of the '565 Patent even after receiving notice of its contributory infringement.

43.    At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '565 Patent.

44.    Therabody has been damaged by Defendants' acts of infringement of the '565 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

45.    Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price

13

erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

46.    Defendants' acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## THIRD CAUSE OF ACTION

### Patent Infringement of the '064 Patent, 35 U.S.C. §§ 101 *et seq.*
(Against All Defendants)

47.    Therabody realleges and incorporates by reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.

48.    At all times herein mentioned the '064 Patent was and is valid and fully enforceable.

49.    Defendants are offering percussive massage devices that infringe at least claim 2 of the '064 Patent, including at least the Infringing Product.

50.    The Infringing Product is a percussive massage device.

51.    As shown below, the Infringing Product includes a housing, wherein the housing includes first, second and third handle portions and a head portion that cooperate to define a handle opening, wherein the first handle portion defines a first

14

axis, the second handle portion defines a second axis and the third handle portion defines a third axis.



52.    As shown below, the Infringing Product includes the first, second and third axes cooperate to form a triangle, such that a user can grasp any of the first, second or third handle portions independently to use the percussive therapy device.



#46112995 v1

53.    The Infringing Product includes an electrical source, a motor positioned in the head portion of the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

54.    As shown above, at least a portion of the push rod assembly extends outside of the head portion.

55.    Defendants' infringe literally or under the doctrine of equivalents, or both.

56.    On information and belief, at least since Plaintiff's August 18, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the '064 Patent claims by, inter alia, marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '064 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '064 Patent.

57.    On information and belief, at least since Plaintiff's August 18, 2021 letter, Defendants have contributed to the infringement of the '064 Patent by their customers and users of the Infringing Product by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process,

16

constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '064 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '064 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '064 Patent. Defendants continue to engage in acts of contributory infringement of the '064 Patent even after receiving notice of its contributory infringement.

58.    At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '064 Patent.

59.    Therabody has been damaged by Defendants' acts of infringement of the '064 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

60.    Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the

17

market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

61.    Defendants' acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## FOURTH CAUSE OF ACTION

### Patent Infringement of the '722 Patent, 35 U.S.C. §§ 101 *et seq.*
(Against All Defendants)

62.    Therabody realleges and incorporates by reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.

63.    At all times herein mentioned the '722 Patent was and is valid and fully enforceable.

64.    Defendants are offering percussive massage devices that infringe at least claim 12 of the '722 Patent, including at least the Infringing Product.

65.    The Infringing Product is a percussive massage device.

66.    As shown below, the Infringing Product includes a housing, wherein the housing includes first, second and third handle portions that cooperate to at least

18

partially define a handle opening, wherein the first handle portion includes a first handle portion exterior edge, wherein the second handle portion includes a second handle portion exterior edge, wherein the third handle portion includes a third handle portion exterior edge, wherein the first handle portion exterior edge defines a first handle portion exterior edge extended, wherein the second handle portion exterior edge defines a second handle portion exterior edge extended, wherein the third handle portion exterior edge defines a third handle portion exterior edge extended.



67.    As shown below, the Infringing Product includes first, second and third exterior edges extended cooperate to define a triangle that surrounds the handle opening, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.



68.    The Infringing Product includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

69.    As shown above, the Infringing Product includes the first handle portion exterior edge is generally straight, wherein the second handle portion exterior edge is generally straight, and wherein the third handle portion exterior edge is generally straight.

70.    Defendants infringe literally or under the doctrine of equivalents, or both.

71.    On information and belief, at least since the filing of the complaint, Defendants have knowingly and actively induced the infringement of one or more of the '722 Patent claims by, inter alia, marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '722 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '722 Patent.

72.    On information and belief, at least since the filing of the complaint, Defendants have contributed to the infringement of the '722 Patent by their customers and users of the Infringing Product by, inter alia, making, offering to sell,

selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '722 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '722 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '722 Patent. Defendants continue to engage in acts of contributory infringement of the '722 Patent even after receiving notice of its contributory infringement.

73.    At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '722 Patent.

74.    Therabody has been damaged by Defendants' acts of infringement of the '722 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

75.    Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover

21

advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

76.    Defendants' acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

### FIFTH CAUSE OF ACTION

**Violation of the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.201, *et seq.***
(Against All Defendants)

77.    Therabody realleges and incorporates by reference paragraphs 1 through 18, 20 through 33, 35 through 46, 48 through 61, and 63 through 76 of this Complaint as if fully set forth herein.

78.    This is an action for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat., § 501.201 *et seq*.

79.    Defendants have willfully, deliberately and intentionally sold and/or offered for sale percussive massage devices that infringe the Asserted Patents, including at least the Infringing Product shown in this Complaint, thereby deceiving the consuming public into believing that Defendants' products are in some way affiliated with the Plaintiff, when they are not.

80.    Defendants' acts described above constitute materially false representations of fact that have caused confusion, mistake, or deception as to the source, origin, sponsorship, and affiliation of Defendants' goods in violation of Florida Statute, § 501.204.

81.    Defendants continue to willfully offer for sale and sell products that infringe the Asserted Patents, thereby misleading the consuming public in order to improperly benefit from Therabody's Asserted Patents.

82.    Defendants' acts as described above have been without right, license or permission from Therabody.

83.    Defendants' conduct as described above has caused Therabody irreparable harm and actual damages in an amount to be determined at trial.

84.    On information and belief, Defendants intend to continue their deceptive and unfair trade practices described herein.

85.    Therabody has no adequate remedy without the intervention of this Court and monetary damages are insufficient to compensate Therabody.

#46112995 v1

Accordingly, Therabody is entitled to preliminary and/or permanent injunctive relief pursuant to Florida Statute, § 501.211.

86.    Because of Defendants' willful, deliberate and intentional conduct, Therabody is entitled to recover, among other things, its actual damages, reasonable attorneys' fees, and costs under Fla. Stat., §§ 501.211 and 501.2105.

## **PRAYER FOR RELIEF**

WHEREFORE, Therabody prays for judgment as follows:

A.    For an order finding that the Asserted Patents are valid and enforceable;

B.    For an order finding that Defendants have infringed the Asserted Patents directly, contributorily, and/or by inducement, literally or by equivalents, in violation of 35 U.S.C. § 271;

C.    For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the Asserted Patents directly, contributorily and/or by inducement, or otherwise engaging in acts of unfair competition;

D.    For a judgment directing that any products in the possession, custody or control of Defendants which infringe the Asserted Patents be delivered up and destroyed within 30 days of entry of judgment;

E.    For a judgment directing Defendants to recall all such infringing products and any other materials sold, distributed, advertised or marketed which infringe the Asserted Patents;

F.    For an order directing Defendants to file with the Court, and serve upon Therabody's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which each of them has complied with the injunction;

G.    For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Therabody's rights;

H.    For an order finding that Defendants' conduct alleged herein violates the Florida Deceptive and Unfair Trade Practices Act;

I.    For compensatory damages in an amount to be proven at trial, including lost profits and/or reasonable royalty, in amounts to be fixed by the Court in accordance with proof, including general, statutory, enhanced, exemplary, treble, and/or punitive damages, as appropriate;

J.    For an order finding that this is an exceptional case, and awarding Plaintiff's reasonable attorney's fees according to proof;

K.    For an order awarding Therabody its costs of court; and

L.    For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

#46112995 v1

Dated: December 10, 2021                    Respectfully Submitted,

                                            */s/  Francesca Russo*
                                            Francesca Russo
                                            Florida Bar No. 174912
                                            francesca.russo@gray-robinson.com
                                            **GRAYROBINSON, P.A.**
                                            333 S.E. 2nd Avenue
                                            Suite 3200
                                            Miami, Florida 33131
                                            Tel:  305-416-6880
                                            Fax:  305-416-6887

                                            - And -

                                            Gregory S. Cordrey (*pro hac vice motion
                                            forthcoming*)
                                            GCordrey@JMBM.com
                                            Rod S. Berman (*pro hac vice motion
                                            forthcoming*)
                                            RBerman@jmbm.com
                                            **JEFFER MANGELS BUTLER &
                                            MITCHELL LLP**
                                            3 Park Plaza, Suite 1100
                                            Irvine, CA 92614
                                            Tel:  (310) 203-8080
                                            Fax:  (310) 203-0567

                                            *Attorneys for Plaintiff,
                                            Therabody Inc.*

#46112995 v1